UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEROY HOUCHIN II,           )
                            )
            Petitioner,     )
                            )   CAUSE NO. 3:15-CV-029 PS
        vs.                 )
                            )
SUPERINTENDENT,             )
                            )
            Respondent.     )

## OPINION AND ORDER

Leroy Houchin II, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 2014 drug conviction in Kosciusko County. (DE 1.) I am obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Houchin pled guilty to possession of a controlled substance in Cause No. 43C01-1406-FB-424. (*Id.* at 1.) On December 22, 2014, he was sentenced to 3 years in prison. (*Id.*) He is currently pursuing a direct appeal, and he has not pursued state post-conviction relief. (*Id.*) On January 13, 2015, he tendered his federal petition to prison officials for mailing. (*Id.* at 4.) Giving the petition liberal construction, he alleges two claims: the police conducted an unlawful, warrantless search and his right to counsel was violated when police continued to interrogate him after he requested a lawyer. (*Id.* at 3.) He acknowledges that he has not yet presented either of these claims to the Indiana Supreme Court. (*Id.*)

Houchin's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a federal court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, I must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Here, it is clear from the petition that Houchin has not yet presented his claims in one complete round of state review, including with the Indiana Supreme Court. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition is subject to dismissal.

I should consider staying rather than dismissing a petition containing unexhausted claims when the one-year statute of limitations under AEDPA has run or is close to running, such that "dismissal would effectively end any chance at federal habeas review."

*Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no such danger here. Houchin's conviction is not yet final, as it is pending with the Indiana Court of Appeals. Once his conviction becomes final, he has one year from that date to pursue federal habeas relief, and the deadline will be tolled during the time he has a properly filed state post-conviction petition pending. *See* 28 U.S.C. § 2244(d)(1), (2). If he acts diligently, he should have no difficulty returning to federal court after he exhausts his state court remedies. Therefore, the petition will be dismissed, but the dismissal will be without prejudice to his right to file a new petition after he exhausts his state court remedies.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, I must either issue or deny a certificate of appealability in all cases where I enter a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). When I have dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right.

3

*Id.* Each is a threshold inquiry; thus, only one component needs to be addressed if it will resolve the issue. *Id.* at 485.

As explained above, Houchin has not yet exhausted his state court remedies, and so his petition must be dismissed. A dismissal without prejudice for failure to exhaust state court remedies is not an appealable order, unless the petitioner would be time-barred or otherwise precluded from returning to federal court after exhausting his state court remedies. *Dolis*, 454 F.3d at 723; *Moore v. Mote*, 368 F.3d 754, 756 (7th Cir. 2004). That issue is not presented here, and so the dismissal order would not be appealable. Aside from this procedural barrier, nothing before me suggests that jurists of reason could debate the correctness of my procedural ruling or find a reason to encourage Houchin to proceed further without first exhausting his state court remedies.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED**.

ENTERED: February 2, 2015

s/Philip P. Simon  
Philip P. Simon, Chief Judge  
United States District Court